THE ST. JOSEPH & DENVER CITY RAILROAD COMPANY v.
JAMES E. DRYDEN.

INJUNCTION; *Practice on Motion to Dissolve; Weight of Evidence.* Where the
record shows that the plaintiff was a railroad company owning and operat-
ing a line of railway, and that it was constructing a telegraph line along its
road which was a necessary adjunct to the road to aid in the safe operating
of the same, and that the defendant cut down three telegraph-poles,
and threatened to prevent by violence the construction of the telegraph
line, and having been temporarily enjoined from interfering with the
building of the telegraph, *held,* that it was error to dissolve the injunc-
tion upon a showing that was evenly balanced whether the plaintiff had
the right of way or not. The restraining order should have been con-
tinued until the rights of the parties could be finally determined.

*Error from Doniphan District Court.*

INJUNCTION, brought by the *Railroad Company,* to restrain
*Dryden* from cutting down telegraph-poles, and interfering
with their telegraph line. The opinion contains a sufficient
statement of the facts. The district court, at the September
Term 1872, dissolved the temporary injunction theretofore
granted; and from such order plaintiff appeals, and brings
the case here on error.

*W. W. Guthrie,* for plaintiff in error:

1. Certain facts are not controverted, to-wit, that plaintiff
is operating a railroad, in which its telegraph is a necessary
part of such operation; that this railroad is a great public
thoroughfare, used for the transportation of passengers, freight,
and the United States mails; that its construction was com-
menced in 1857, partly completed and operated in 1860, on
the east of defendant's land, and the grading for its extension
several miles west of this land was partly done, and some
bridges and other work, all of a permanent character, was
done in 1860, and from time to time during the succeeding
years, up till in 1868, when the road was fully completed
several miles west of this land and operated; that all this
work was one continuous, permanent, valuable improvement

upon the lands it was built upon; that plaintiff's possession during all this time was continuous, open, notorious and uninterrupted; that until in October, 1868, one Howard was the owner of this land, lived in its neighborhood, gave his express parol consent to plaintiff's possession and improvement, and otherwise the land remained unoccupied; that defendant soon after his purchase of the land became and for a year remained an officer of the railroad company, and during this time directed and actually assisted in repairing the old work for tracklaying, and finally completing the railroad across this land; that thereafter the operation of this railroad by plaintiff was continuous and uninterrupted until since plaintiff put up its telegraph; that since that time defendant has repeatedly broken down the telegraph, and threatens to continue to do so, and that thereby the use of plaintiff's entire line of railroad is rendered uncertain, its efficiency greatly impaired, and the public greatly inconvenienced.

Upon these facts, were plaintiff suing Howard for specific performance, relief would be decreed. 5 Kas., 402; 8 Kas., 668; 25 Mo., 63; 28 Mo., 134, 140, 604; 30 Mo., 335.

2. In no case after a railroad is suffered to be built can a land-owner enjoin its operation, or eject its occupation. To do so would not only be a wrong to the railroad company but to the public. *Goodwin v. C. W. Rld. Co.*, 18 Ohio St., 179. If the land-owner could not be permitted to enjoin, by a parity of reasoning he should be enjoined from interrupting this public use.

3. The defendant having assisted in completing the railroad across his land, whereby large sums of money have been expended in opening up a great enterprise through several counties to the public use, will not be allowed to deny the right of possession therefor: *Troy Rld. Co. v. Potter*, 42 Vt., 265, 272—a leading case. If he may not tear up the track, neither will he be allowed to tear down or prevent the erection of necessary water tanks, etc., without which the track could not be put to any use, nor to prevent the erection of a tele-

graph line, without which the railroad could not be operated in the usual and ordinary manner for which it was built, much less to tear down or destroy an already erected telegraph line.   The general law of estoppel so holds: 18 Conn., 138, 153; 37 Mo., 207, 212; 30 Mo., 342; 6 Kas., 153.

Injunction is the proper remedy. 36 Ill., 54, 59; 20 N. J. Eq., 33; 30 Md., 29; 45 Mo., 505; 16 N. Y., 111.

*Albert Perry,* and *Nathan Price,* for defendant in error:

1. The plaintiff claims right-of-way, or an easement in the land of the defendant, by grant to the Saint Joseph and Topeka Railroad Company, through an assignment by that company to plaintiff, and second, by license.   If the Saint Joseph and Topeka Railroad Company has a deed, neither that nor the assignment appears in the record.   Nor is the loss or absence of such proof accounted for.

If the right-of-way was granted to the Saint Joseph and Topeka Railroad Company, and that company made an assignment, the plaintiff took nothing: Washb. Easements, 623, § 632; 15 Wend., 381; 4 Cush., 152; 5 Metc., (Mass.,) 441; 1 Cowen, 570.   An easement can only be created by deed or prescription which presumes a deed; never by license or estoppel. Washb. Eas., 23; 2 Gray, 302; 11 Mass., 533; 6 Hill., 61; 5 Barb., 551.

2. If a right-of-way by license in the nature of an easement is enjoyed, the same is revocable though executed. Washb. Eas., 23, 89; Am. Law Register, June 1872, 374.   Whatever right-of-way the plaintiff may have, nothing is set up in the petition to entitle the plaintiff to an injunction.   The ground for injunction is a threatened trespass.   Nothing is alleged in the petition, that if the threatened trespass be committed complete compensation can be had in an action at law.   It is not alleged that the defendant is unable to satisfy any judgment for damages that may be obtained against him. Plaintiff was not entitled to the injunction, and there was no error in dissolving it.

The opinion of the court was delivered by

KINGMAN, C. J.: The plaintiff in error brought its action against the defendant in error to recover damages for cutting down three telegraph-poles, forming part of a line along the plaintiff's railroad, and other offenses of a like nature. As the defendant threatened to cut down other poles if the plaintiff put them up, an injunction was asked restraining defendant from interfering further with the building of the telegraph line. A temporary injunction was granted, which on motion was afterward dissolved. This order dissolving the injunction is the one brought to this court for review. The propriety of granting an injunction depends upon whether the plaintiff has the right-of-way over the land, as claimed in its petition. If it has the right-of-way one hundred feet wide, as claimed, it has a right to build its telegraph line within that limit as an adjunct to the railroad, and a most convenient, if not necessary aid in operating the road; and it has also a right to have its legitimate business protected from the wrongful acts of defendant. The injunction was granted on plaintiff's petition, duly verified by affidavits, and was dissolved on affidavits which were evenly balanced as to whether plaintiff has the right of way. Under these circumstances we think the injunction ought not to have been dissolved. The plaintiff was in possession; was operating a great public highway; the telegraph was necessary to its safely doing its business. The traveling public, as well as the plaintiff company, was interested in the building of the telegraph line. Under these circumstances we think the injunction should have been continued until the rights of the parties could have been determined upon a final hearing of the case. At present the rights of the parties do not sufficiently appear to authorize any decision therein; but one or two remarks seem necessary to avoid misconstruction. The plaintiff in error insists that defendant in error is estopped from denying that the company had the right-of-way. With the imperfect presentation of the facts in the record we do not feel willing to pass upon this ques-

tion, for, conceding that the estoppel exists, still the facts only go so far as to give the plaintiff the right-of-way for a railroad and the right to erect a water-tank, but in in no way indicate that the right-of-way is 100 feet wide, as was claimed in the argument. The order dissolving the temporary injunction is reversed.

All the Justices concurring.