## J. T. HARVEY et al. v. THE KANSAS, NEBRASKA & DAKOTA RAILWAY COMPANY.

RAILWAY COMPANY—*Right-of-Way*—*Contract*—*Condemnation Proceeding*—*Injunction, Not Error to Grant.* Where an owner of land entered into a written contract with a railway company to grant and finally to convey to the railway company a right-of-way across the owner's land, upon the condition that the railway company should construct and maintain upon the land a passenger depot with proper side-tracks and stock yards sufficient to do the business there offered, and permitted the railway company to take the immediate possession of such right-of-way under such contract, and to construct thereon its railway, and the railway company did construct thereon its railway, and a side-track, and a passenger depot, and stock yards; but the owner of the land and the railway company honestly differed in opinion as to whether the company had fulfilled all the conditions of the contract; and the owner of the land then instituted condemnation proceedings, under the statutes, for damages, and the railway company then commenced an action to perpetually enjoin the owner from prosecuting his condemnation proceedings, and the court granted a temporary injunction to restrain such owner from so prosecuting his said proceedings until the injunction case should be finally heard and determined upon its merits, *held*, not error.

*Error from Anderson District Court.*

THE opinion contains a sufficient statement of the facts. To reverse an order granting a temporary injunction, made on July 9, 1888, the defendants, *Harvey* and two others, bring the case here.

*A. A. Harris,* and *Henry E. Harris,* for plaintiffs in error.

*W. A. Johnson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The Kansas, Nebraska & Dakota Railway Company commenced its action in the district court of Anderson county to perpetually enjoin the defendants, J. T. Harvey and George E. Harvey and another, from prosecuting certain condemnation proceedings already instituted by them and pending in that court. A temporary injunction was also

prayed for, and the question whether a temporary injunction should be allowed or not was heard before the court, and the temporary injunction was granted, restraining the Harveys from further prosecuting their condemnation proceedings until the final hearing in the injunction case should be had; and to reverse this order of the district court granting the temporary injunction, the Harveys, as plaintiffs in error, bring the case to this court.

It appears that prior to the construction of the railway and on April 8, 1886, the Harveys, for the consideration of $1 and other benefits, entered into a written contract with the railway company to grant and finally to convey to it by a proper deed the right-of-way across their land; and they permitted the railway company to take the immediate possession of such right-of-way under such contract and to construct thereon its railway. This contract contains the following clause:

"The condition upon which said right-of-way is granted is, that the railway company shall erect and maintain a passenger depot, with proper side-tracks and stock yards sufficient to do the business there offered, at a point on the east half of the northwest quarter of 17–22–21, in Anderson county, Kansas."

The record shows that the second word in the above clause is "condition," but it seems to be admitted by the parties that the word in the contract itself is "consideration." It seems to be admitted by the parties that the railway company has constructed its railway across the defendants' land, and that it has erected and is maintaining a passenger depot and a side-track and stock yards; but the Harveys claim that they are not sufficient for the business offered at that point, and that they have not been continuously maintained; and indeed that the extra track there constructed is not a "side-track" at all, but is merely a "spur track," and this for the reason that it is connected with the main track only at one end. It is between three and four hundred feet long. The railway company, however, claims that it has substantially at

least, if not fully and completely, complied with all the conditions of the contract. It would seem, under such circumstances, that condemnation proceedings under the statutes would hardly be the proper remedy. (*K. P. Rly. Co. v. Hopkins*, 18 Kas. 494.) In such proceedings the Harveys would recover damages precisely the same as though no contract had ever been entered into between the parties, and as though no side-track or depot or stock yards had ever been constructed or maintained. This would seem wrong. Must the company lose all? If the Harveys can maintain ordinary condemnation proceedings, they would have the right, if they should so choose, to maintain an action in the nature of ejectment to evict the railway company entirely from their premises. Would this be right? It would seem that a more proper remedy for the Harveys, if they think that the railway company has not fully performed its part of the contract, would be to commence an action to compel the company to so perform, or to commence an action for damages for its failure to perform, or to commence an action to have a forfeiture declared. In an ordinary action for damages the Harveys could recover exact compensation for all the losses which they may have sustained by reason of any non-fulfillment on the part of the railway company of any of the provisions of the contract which the railway company should perform. This would seem to be just, while, if they are permitted to maintain their condemnation proceedings and to obtain full compensation as though no depot or side-track or stock-yards had ever been constructed or maintained, it would seem to permit them to do a great injustice to the railway company. But we shall not decide this case upon its merits, as it has not been brought to this court in such a condition that we can do so. The only question for us now to consider is, whether the temporary injunction was properly granted or not. It was granted to remain in force only until the case should be finally heard and determined upon its merits in the district court; and we think it was properly granted. There seems to have been an honest difference of opinion and an honest dispute between the parties

as to whether the conditions of the contract had been fully complied with or not on the part of the railway company, and if not complied with, then as to how great the failure on the part of the railway company was; and certainly under such circumstances condemnation proceedings should not be prosecuted prior to the final determination in the district court, as to just what had been done or omitted to be done by the railway company. (*St. Jos. & D. C. Rld. Co. v. Dryden*, 11 Kas. 186.)

We think the temporary injunction was properly granted, and the order of the court below granting the same will be affirmed.

All the Justices concurring.