D. R. ANTHONY v. R. F. HERMAN, *et al.*

CONTRACT; *Consideration; Promise to Third Party.* An action can be maintained upon a promise made by a defendant, upon valid consideration, to a third party for the benefit of the plaintiff, although the plaintiff was not privy to the consideration.

*Error from Cloud District Court.*

ACTION by *Anthony* against Mark J. Kelley, *R. F. Her-man*, and four others, on a certain contract, or bond, which is set forth in full in the opinion. Kelley made default. *Herman* and the other four defendants demurred, and their demurrer was sustained at the August Term 1873. *Anthony* appeals, and brings the case here on error. The facts are stated in the brief of plaintiff, and in the opinion.

*Byron Sherry*, for plaintiff in error:

On the 22d of July 1870, Kelley made his promissory note payable to one Young for the sum of $435, with interest, which note was by said Young indorsed and delivered to Anthony. To secure the payment of the note Kelley, on the 20th of August 1871, executed and delivered to Anthony a chattel mortgage on one Washington hand-press, ten thousand pounds type, office fixtures, and good will in and appertaining to the "Republican Valley Watchman," a paper printed and published in the city of Clyde, Cloud county, with the usual conditions, which chattel mortgage was filed in the office of the register of deeds of Cloud county. The lien obtained by virtue of the chattel mortgage was continued by the making and filing of the necessary affidavit. Kelley in the meantime sold the mortgaged property to Nat. Baker and Samuel Enfield, with the understanding and agreement that they would pay the note in the hands of Anthony. Upon their failure to do so, Kelley instituted suit against them for the possession of the mortgaged property, and it was during the pendency of the suit of Kelley that the defendants in this action, in consideration that Kelley would dismiss and discontinue the prosecution of the case commenced by him, executed and delivered the bond now sued upon. The bond was an obligation to assume the payment of the note to Anthony; and Kelley, in consideration of this bond of indemnity, turned over to the defendants the property men-

tioned. It was a consideration passing between Kelley and defendants, by which they agreed to pay the note.

The demurrer was interposed upon the ground that the petition did not state facts sufficient to constitute a cause of action, and upon the theory that defendants had not agreed in writing with Anthony. The only point in the case is, was the promise of defendants, as set forth in the bond, sufficient upon which to maintain an action by the plaintiff? Or, in other words, was the bond, as between plaintiff and defendants, void for want of consideration? The rule as laid down in the case of *Lawrence v. Fox*, 20 N. Y., 268, is, that an action will lie on a promise made by a defendant upon valid consideration, to a third person for the benefit of the plaintiff, although the plaintiff was not privy to the consideration. Such promise is to be deemed made to the plaintiff, if adopted by him, though he was not a party nor cognizant of it when made. That was a case where money was borrowed and paid over to a third party upon the promise that this third party should pay a certain indebtedness of the party making the loan — a case similar in principle to the one at bar. And see cases in 4 Cowen, 432; 9 Cowen, 639; 2 Denio, 45; 4 Denio, 97; 17 Mass., 400, 575; 7 Cush., 337.

The opinion of the court was delivered by

BREWER, J.: This was an action commenced in the district court of Cloud county, by D. R. Anthony as plaintiff, on a certain bond of which the following is a copy:

"Know all men by these presents, that I, Mark J. Kelley, of Osborne county, Kansas, in consideration of R. F. Herman, B. V. Honey, F. K. Teter, David Keller, and E. Kennedy assuming the payment of a certain chattel mortgage given by the said Mark J. Kelley to D. R. Anthony, dated August 20th 1871, and filed August 30th 1871, in Cloud county, Kansas, and holding the said Mark J. Kelley harmless and indemnified therefrom, which by the said R. F. Herman, B. V. Honey, F. K. Teter, David Keller and E. Kennedy is agreed, as is shown by their becoming parties hereto and signing these presents, and in consideration of one

dollar in hand paid, do hereby sell, assign, transfer and set over unto the said R. F. Herman, B. V. Honey, T. K. Teter, David Keller and E. Kennedy, the following described property, viz., one Washington hand-press, and all the type, being about four hundred pounds of type, and one lot of office fixtures, being the same which were formerly in and about the office· of the "Republican Valley Watchman," heretofore published at Clyde, Cloud county, Kansas. Witness our hands and seals at Concordia, June 24th, 1872.

R. F. HERMAN. [Seal.]      MARK J. KELLEY. [Seal.]
B. V. HONEY.   [Seal.]      F. K. TETER.          [Seal.]
DAVID KELLER. [Seal.]      E. KENNEDY.          [Seal.]

A demurrer was sustained to the petition, and of this ruling plaintiff in error complains. No brief has been filed by counsel for defendants in error, so we are not advised as to the point upon which the district court placed its ruling. Counsel for plaintiff in error states in his brief that the only question in the case was whether the promise of the defendants, as set forth in the bond, was sufficient to sustain an action by the plaintiff; and it seems probable that the ruling was based upon this question. In it we think the court erred. That the defendants received ample consideration, is evident. Indeed, if none were expressed, the promise in writing imports a consideration, under our statutes. For this consideration they agreed to assume the payment of the chattel mortgage to plaintiff. True, the consideration of this promise did not proceed from the plaintiff; but notwithstanding some conflict in the authorities, we think the rule is settled, that an action will lie on a promise made by a defendant upon valid consideration to a third party for the benefit of the plaintiff, although the plaintiff was not privy to the consideration. 1 Smith's Leading Cases, 385, 388; *Schermerhorn v. Vanderheyden*, 1 Johns., 140; *Cleaveland v. Farley*, 9 Cowen, 639; *Barker v. Bucklin*, 2 Denio, 45; *Delaware & Hudson C. Co. v. Westchester Bank*, 4 Denio, 97; *Lawrence v. Fox*, 20 N. Y., 268; *Arnold v. Lyman*, 17 Mass., 400; *Hall v. Marston*, 17 Mass., 575; *Carnegie v. Morrison*, 2 Metc., 381; *Brewer v. Dyer*, 7 Cush., 337. But see on the other hand,

*Mellen, Adm'x, v. Whipple,* 1 Gray, 317. It may be proper to state that Kelley, one of the parties to this agreement, is not party to the controversy in this court, he not having joined in the demurrer below.

The judgment of the district court will be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.