## WINDLAND V. DEEDS.

1. **Services:** MINOR: CONTRACT. A minor who enters the family of a stranger, where he receives his board, clothes, and education, cannot recover for the services he may render unless an agreement be shown to that effect.

2. ——: ——: CUSTOM. Both parties having alleged the existence of a contract between them, it is not competent to show a custom in the neighborhood where they resided, respecting the conditions under which minors were received into the families of strangers.

*Appeal from Lee Circuit Court.*

THURSDAY, SEPTEMBER 21.

THIS is an action to recover for services rendered by the plaintiff, who is a minor and sues by his next friend, under contract with defendant. The petition alleges that by the terms of a contract between the parties, plaintiff was to serve defendant until he was fifteen years of age, his service beginning at the age of nine, and defendant was "to board, clothe and school" plaintiff, and at the expiration of the term was to give him "one good horse, saddle and bridle, and a good suit of clothes;" that plaintiff performed the services under this contract, and defendant has failed and refused to pay plaintiff, as he was bound under the contract.

For a further cause of action, plaintiff alleges that at the

expiration of the term of service under this contract the parties entered into another, under which plaintiff was to serve defendant for two years and receive therefor a horse; that plaintiff did perform services under this contract for one year or more, when defendant refusing to perform his part of the agreement did discharge plaintiff from his services, and refused to permit him further to labor under the contract, and did and still does refuse to pay plaintiff for the services rendered. The property which plaintiff was to receive under the first contract is alleged to be of the value of $600, and his labor performed under the second of the value of $17 per month.

The answer of defendant denies the allegations of the petition except as to the service rendered by plaintiff. It avers that plaintiff performed these services under an agreement that he was to live with defendant until he attained his majority, as a member of defendant's family, and "was to perform whatever labor defendant might require of him upon defendant's farm, and such as is usually done by a boy of his age, and in return for such services, defendant was to board and clothe plaintiff and send him to the district school three months in each year, and also to furnish him medical attendance when necessary, and when plaintiff arrived at the age of twenty-one years, defendant was to give him a horse, saddle and bridle, and a new suit of clothes." It is alleged that in violation of this contract plaintiff left the service of defendant. By way of a counter-claim, defendant seeks to recover for clothing, boarding, etc., furnished plaintiff.

There was a verdict and judgment for plaintiff; defendant appeals.

*Van Valkenburg & Hamilton*, for appellant.

*Casey & Hobbs*, for appellee.

Beck, J.—The only questions presented and discussed in the argument of defendant's counsel are those that arise upon the instructions refused by the court. Other points made in

the assignment of errors are not considered by counsel; we are required to regard them as waived.

I. The refusal of the first instruction asked by defendant is complained of by counsel. It is, in effect, that if plaintiff

1. CONTRACT: services: minor.

was a member of defendant's family during the time the services were rendered, receiving his support, clothing, etc., no recovery can be had for services rendered by him except upon proof showing a promise by defendant to pay therefor. This instruction is covered by one given, in which the jury are directed that to authorize a recovery by plaintiff, they must find that his services were rendered under an agreement with defendant to pay therefor. There is no difference in the rule of the instruction given and of the one refused involving plaintiff's right to recover under a contract.

II. The fourth instruction refused is, in substance, that if this contract was made by plaintiff's mother, under his authority, and "he acted under his contract for seven years," he is estopped to deny it. The plaintiff, neither in his pleadings or evidence, attempted to deny the contract. The controversy between the parties as to the contract related to its terms. The instruction, therefore, was inapplicable to the issue between the parties.

III. Certain instructions asked by defendant related to a settlement between plaintiff's mother and defendant. They were properly refused for the reason that no issue involving a settlement is presented by the pleadings. Indeed, we have been unable to discover that any claim of a settlement was made upon the trial.

IV. Another instruction refused is to the effect that plaintiff's mother, as his natural guardian, is alone entitled to sue and recover for plaintiff's services. It should not have been given for the reason that no defense of that kind was presented in the answer of defendant.

V. The court was asked to direct the jury that if they found a custom prevailed in the neighborhood of the parties

2. ——: ——: custom.

that boys of plaintiff's age were taken into families upon certain terms, they should presume

that the understanding of the parties accorded with it.  Both parties in their pleadings set up a contract, but the terms were differently stated.   Customs cannot control contracts not made with reference thereto.   The contract in this case cannot be varied by custom; the instruction was correctly refused.

VI.   The twelfth instruction asked by defendant was properly refused for the reason that its substance is included in an instruction given by the court upon its own motion.

We have considered all points made in the arguments by defendant's counsel and find no error in the court's rulings.

AFFIRMED.