## T. S. FLOYD, et al., v. WILLIAM ORT.

1. CONTRACT: *Promise to One Party, for Benefit of Another.* Where the old firm of H. & V. sold out to the new firm of F. & V., and F. & V. executed to them, in consideration of $200, an agreement to pay their debt for wheat to one O., *held,* that O. could adopt such written agreement as his own, although he was not originally a party to it, and could maintain an action thereon against F. & V. to recover $176 due him for wheat delivered before its execution to H. & V.

2. IMMATERIAL EVIDENCE; *Cross-Examination.* In an action by O. against F. & V. to recover on such an agreement, O. thereby adopts the same as his own; and the court commits no material error in refusing to compel O. on cross-examination to answer whether there was an agreement between him and H., of the old firm of H. & V., "that he should sue F. & V. and make his money, if he could, and that H. would pay half of the attorney-fee." Such testimony is wholly immaterial.

*Error from Harvey District Court.*

AT the September Term 1876, of the district court, *Ort*, as plaintiff, recovered judgment against *Floyd & Vanosdell*, defendants. New trial refused, and defendants bring the case here on error.

*A. L. Greene*, for plaintiffs in error.

*John Reid*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action originally brought before a justice of the peace by the defendant in error against. the plaintiffs in error; and omitting the title, the following is a copy of the bill of particulars:

The plaintiff complains of the said defendants, and says, that heretofore, on the 17th of April 1875, one C. H. Hobart, and one Robert Vanosdell, one of the above-named defendants, doing business under the firm-name and style of "Hobart & Vanosdell," were indebted to the said plaintiff upon the following account, to-wit:

HOBART & VANOSDELL, to *William Ort, Dr.:*

| | |
|---|---|
| 1876, Feb. 4, to 94 bu. and 15 lbs. wheat, @ $1.05,..................... | $98.95 |
| " Feb. 22, to 105 bu. and 40 lbs. wheat, @ $1.05,.................... | 110.85 |
| " March 14, to 23½ bu. wheat, @ $1.05,.............................. | 24.67 |
| " April 6, to 34 bu. and 40 lbs. wheat, @ $1.05,..................... | 36.35 |
| | $270.82 |
| *Contra:* April 6, 1876, by cash,...................................... | $60.00 |
| April 18, by cash,....................................... | 24.00 |
| April 24, by cash,........................................ | 10.10 |
| | $94.10 |

Balance due........................$176.72.

And plaintiff further says, that on or about the 17th of April 1876, the said firm of Floyd & Vanosdell, the defendants, verbally agreed with the firm of Hobart & Vanosdell, and in consideration of certain cash, merchandise, and accounts paid over, delivered, and assigned to them, to pay the above account, and did make two of the aforesaid payments on the same, and gave their receipt, and agreement in writing, in the words, letters, and figures following, to-wit:

"SEDGWICK, KANSAS, April 17th, 1876.

"Received of Hobart & Vanosdell, cash, merchandise, and accounts, to the amount of two hundred dollars and 30-100, to pay Wm. Ort on wheat account.	FLOYD & VANOSDELL."

And plaintiff further says that said defendants, though often requested have totally failed, neglected to pay said plaintiff the balance due on said account. Wherefore plaintiff prays judgment against the said defendants for the sum of one hundred seventy-six and 72-100 dollars, and for the costs of this suit.        ADY & REID, *Attorneys for Plaintiff.*

The cause was tried and judgment had for the plaintiffs in error, from which defendant in error appealed to the district court of Harvey county. There, a jury being waived, the case was tried to the court, and judgment rendered for $179.44, and costs, in favor of Ort, defendant in error. The plaintiffs in error now complain of the judgment and proceedings, and allege the following causes for reversal:

1st. Because there was a failure of all evidence.

2d. The total failure on the part of defendant in error to allege in his pleading the fact that he had released the firm of Hobart & Vanosdell, and accepted Floyd & Vanosdell as his payor of the indebtedness sued for.

3d. The court erred in sustaining the objection of defendant in error to the following question asked of him on his cross-examination, viz.: "Was there not an agreement between you and Hobart, that you should sue Floyd & Vanosdell and make your money out of them, if you could, and Hobart to pay half the attorney-fee?"

The principles announced by this court in the following cases are virtually decisive of all the questions presented by the plaintiffs in error: *Anthony v. Herman,* 14 Kas. 494; *Harrison v. Simpson,* 17 Kas. 508; *Center v. McQuesten,* 18 Kas. 476; *K. P. Rly. v. Hopkins,* 18 Kas. 494. The action of the defendant in error was maintained upon a written promise, or agreement, made by the plaintiffs in error, upon a valid consideration, to Hobart & Vanosdell, for the benefit of defendant in error; and the latter had the right to adopt the same as though made with him, notwithstanding he was not originally a party to it. The evidence fully sustained all the allegations in the pleading, and the prosecution of the case on the promise and agreement of plaintiffs in error to Hobart & Vanosdell was an assumption of the contract made for his benefit, and hence, it was unnecessary to allege in the

bill of particulars that Hobart & Vanosdell had been released. The attempted cross-examination of Ort was also immaterial, and its rejection no ground for material error. Even if Hobart assisted the defendant in error in paying an attorney to collect the debt due on the promise of plaintiffs in error, that would have been no reason to defeat the claim of the defendant in error.

The plaintiffs in error admit the execution of the instrument sued on, and their defense rested mainly on the fact that the defendant in error was not a party thereto, and that he had not made an agreement to release and discharge the old firm of Hobart & Vanosdell. The defense was not sufficient under the circumstances.

The judgment will be affirmed.

All the Justices concurring.