MARY T. STRONG, *a minor, by B. F. Hendrix, her next friend,* v. EDGAR H. MARCY.

| 33 | 109 |
| 41 | 762 |
| 33 | 109. |
| 43 | 449, |
| 33 | 109 |
| 53 | 620 |

BREACH OF CONTRACT, *for Support of Minor; Recovery.* Where a father, for the benefit of his minor child, enters into a written contract with M. for the education and support of such child during her minority, and relinquishes to M. all control over her, and for some time afterward all parties comply with the terms and provisions of the contract, but afterward M., without any just cause or provocation, refuses to further comply with any of the terms or provisions of the contract, to the injury of the minor child, *held,* that she may, by her next friend, sue and recover from M. for such injury.

*Error from Osage District Court.*

ACTION by *Mary T. Strong*, a minor, by her next friend, against *Edgar H. Marcy*, to recover damages for an alleged breach of a certain written contract. At the October Term, 1883, the court sustained the defendant's demurrer to the petition, and rendered judgment against plaintiff for costs. The plaintiff brings the case to this court. The opinion states the facts.

*Hughbanks & Hendrix*, and *Wm. Thomson*, for plaintiff in error.

*Ellis Lewis*, for defendant in error.

The opinion of the court was delivered by .

VALENTINE, J.: This was an action brought by Mary T. Strong, a minor about fifteen or sixteen years of age, by B. F. Hendrix, her next friend, against Edgar H. Marcy, to recover the sum of three thousand dollars, as damages for an alleged breach of the following written contract, to wit:

"*Know all men by these presents*, That by mutual agreement between B. F. Strong, party of the first part, of Osage City, Osage county, and the state of Kansas, and Edgar H. Marcy, of Osage county and state of Kansas, party of the second part, the party of the first part consents to give over his minor heir and daughter, Mary T. Strong, to the said party of the second part, to rear and educate and control and provide for, as if by adoption at law, as his own child; and the said party of the second part consents to receive and take full charge of the said minor daughter, namely, Mary T. Strong, to rear and educate and control and provide for, as if by adoption at law, as his own child; and the said party of the first part hereby agrees to, and does hereby, relinquish his entire control over said Mary T. Strong to the said party of the second part.

"In witness whereof, the said B. F. Strong and the said Edgar H. Marcy have hereunto set their hands, this ninth day of March, in the year of our Lord one thousand eight hundred and seventy-eight.                    B. F. STRONG.
                                                    E. H. MARCY.

Witness: B. F. HENDRIX."

The petition of the plaintiff alleges, among other things, that at the time of the making of this contract the plaintiff was about ten years of age; that the contract was made by her father, B. F. Strong, with the defendant, E. H. Marcy, for her sole and separate benefit; that for that purpose her father then and there relinquished all his care, custody and control over the plaintiff to the defendant; that from that time forward up to February, 1883, all parties complied with the terms and provisions of the contract; when the defendant, without any just cause or provocation, drove the plaintiff away from his home and residence, and has ever since refused to provide for her support or education, or to comply with any of the terms or provisions of the aforesaid contract, to her damage in the sum of three thousand dollars. This action was commenced on June 11, 1883. Hence the plaintiff was about that time about fifteen or sixteen years of age.

The defendant demurred to the plaintiff's petition, upon the ground that it did not state facts sufficient to constitute a cause of action against the defendant, and the court below sustained the demurrer; to which ruling the plaintiff excepted, and now brings the case to this court.

We have no means of knowing the exact point upon which the court below sustained the demurrer, as no brief has been filed nor oral argument made for the defendant in this court. It would seem to us that the demurrer should have been overruled. The contract was made by the plaintiff's father solely and exclusively for her benefit, and not for his own; and as a consideration for her nurture, education and support on the part of the defendant, her father, at the time, by implication if not in terms, relinquished to the defendant all custody and control over her, all interest in her services, earnings and and wages, and was never to resume the same again, and never to receive any benefit personally from the same or from the contract; and consequently we would think that for any breaches of the contract by the defendant to the plaintiff's injury, she, the real party in interest, would be a proper person to bring the action therefor, if not the only proper

person to bring such an action. It is settled in this state that a person may maintain an action upon a contract made by another for his benefit, although he was not a party to the contract. (*Anthony v. Herman,* 14 Kas. 494; *Harrison v. Simpson,* 17 id. 508; *Center v. McQuesten,* 18 id. 476; *K. P. Rly. Co. v. Hopkins,* 18 id. 494; *Floyd v. Ort,* 20 id. 162; *Life Assurance Society v. Welch,* 26 id. 641, 642; *Brenner v. Luth,* 28 id. 583.) And where a father has for the benefit ·of his minor child relinquished all interest in the child's services, earnings and wages, the child himself, by his next friend, may sue and recover for such services, earnings and wages. (Schouler's Domestic Relations, 345, 370, 371.) Of course the relinquishment in this case of the child's custody, control, services, earnings and wages, was not done under the provisions of the statute, (Comp. Laws of 1879, ch. 67, § 5,) nor was the child adopted by the defendant as provided by statute. (Comp. Laws of 1879, ch. 67, § 6.) But this can make no difference, for the statute does not prohibit such contracts as was made in this case, nor change the rules of law concerning them.

The judgment of the court below will be reversed, and the ·cause remanded with the order that the demurrer to the petition will be overruled.

All the Justices concurring.