### R. J. HARDESTY v. GEORGE B. COX.

ARBITRATION — *Principal and Surety — Recovery against Surety.* Where the members of a partnership submit to arbitration all matters connected with the winding up of their business, each giving sureties for the performance of his part of the award, and thereafter the arbitrators duly award and determine that the member of the firm for whom the defendant is surety shall pay a note of the firm which the plaintiff, as their surety, had been compelled to pay, *held*, that plaintiff can recover from the surety the amount of the note.

*Error from Ford District Court.*

THE opinion states the case.

*Sutton & McGarry,* for plaintiff in error:

Whether this was an arbitration under the common law or under our statutes is immaterial in the trial of this cause. It must be readily conceded that Adams had a right to compel Lybrand to pay this indebtedness. Did he have a right by

suing Cox upon the bond? That he did, is well established by the courts. *Jesse v. Carter,* 28 Ala. 475; *Pomeroy v. Gold,* 2 Metc. 500; *Huy v. Brown,* 12 Wend. 591; *Shearer v. Hardy,* 22 Pick. 417; *Hugg v. Collins,* 18 N. J. Law, 294; *Mathews v. Mathews,* 2 Curtis, 105; *Litch v. Beatty,* 23 Ill. 642; *Nothe v. Lowe,* 18 id. 437; *Shocky v. Glassford,* 6 Dana, 9; *Thompson v. Childs,* 7 Ired. 435; *Scearce v. Scearce,* 7 Ind. 286. The question then arises, whether Hardesty was by law subrogated to the right of Adams upon the bond? That he was, is supported by the decisions of this court. *Anthony v. Herman,* 14 Kas. 495; *Floyd v. Ort,* 20 id. 162, and cases there cited; *Arnold v. Lyman,* 17 Mass. 400. These cases are particularly applicable, because Cox, in his statement, over his signature, acknowledged a consideration passed to him.

The opinion of the court was delivered by

ALLEN, J.: The parties to this action agreed that the facts of the case were correctly stated in the petition and attached exhibits. From these, it appears that W. H. Lybrand and Perry Adams were partners in operating a planing mill in Dodge City; that the plaintiff, R. J. Hardesty, at their request, became surety for them on a promissory note for $1,800; which he was afterward compelled to pay. A suit was brought by Adams to wind up the partnership affairs. While this suit was pending, an agreement was entered into by the parties by which all matters in controversy were submitted to the decision of arbitrators. This agreement was in writing, and provided that the respective parties should "pay and do as in said award shall be provided." The defendant, Cox, became surety of Lybrand for the performance of his part of the agreement. The arbitrators thereupon made an award in writing, signed by all of them, by the terms of which it was provided that Lybrand should take all of the property and credits of the firm, and should pay all of the partnership debts, and particularly the $1,800 note above mentioned. Lybrand failed to pay this note, and this action is brought by Hardesty against Cox, as surety on the arbitration bond, to

recover the amount of money paid by him. The case was referred, tried on the petition as an agreed statement of facts, and a report made, and this report was confirmed and judgment entered for the defendant. A brief is filed by the plaintiff in error only.

. We are not advised, either by the record or counsel appearing for the defendant in error, upon what view of the case the court held that the plaintiff could not recover. The arbitration proceedings appear to be regular. Whatever question there may be in other states, it is settled here that an action can be maintained upon a promise made by the defendant, for a valuable consideration, to a third party, for the benefit of the plaintiff, although the plaintiff was not privy to the consideration. (*Anthony v. Herman*, 14 Kas. 494; *Harrison v. Simpson*, 17 id. 508; *Railway Co. v. Hopkins*, 18 id. 494; *Floyd v. Ort*, 20 id. 162; *Life Assurance Society v. Welch*, 26 id. 632; *Strong v. Marcy*, 33 id. 109; *Burton v. Larkin*, 36 id. 246; *Rickman v. Miller*, 39 id. 362; *Manufacturing Co. v. Burrows*, 40 id. 363.)

The award of the arbitrators referred specifically to this note and required its payment by Lybrand. There can be no doubt as to his liability, either on the note or under the award. Cox voluntarily became his surety on the arbitration bond. No reason is apparent why plaintiff may not recover from him. The judgment is reversed, with directions to enter judgment for the amount of the note sued on and interest.

All the Justices concurring.