(45 Misc. 419)

## CAPPEL v. WEIR.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—EXPRESS COMPANIES—NONDELIVERY—EVIDENCE.

In an action against an express company for failure to deliver a box, recited in the receipt to be marked, "108 East 11th Street, New York," defendant's witnesses testified to an attempted delivery to the addressee at 118 East 11th street, New York, which they claimed was the marking on the box four days after shipment, during all of which time it had been in defendant's custody. *Held* not conclusive proof that the address on the box and that recited in the receipt were different at the time of shipment.

2. SAME—CUSTOMS.

Where a box was shipped by an express company under a written contract delivered to the shipper at the time of the receipt of the property for transportation, evidence of the carrier's custom, whether general or local, was inadmissible to contradict the express or implied terms of the contract.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Clara Cappel against Levi C. Weir, as president, etc. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Raphael Link, for appellant.

Guthrie, Cravath & Henderson (Richard Reid Rogers and Bridgham Curtis, of counsel), for respondent.

FITZGERALD, J. The defendant express company received from plaintiff at Philadelphia on March 19, 1904, a box for transportation to New York for which a receipt or bill of lading was given shipper, the material part thereof reading as follows: "Received from 1721 Memorial Avenue Box marked Heymann 108 East 11th Street New York." This box was not delivered, nor attempted to be delivered, at the address mentioned in the receipt, and was consumed in a fire which destroyed defendant's premises in 59 Broadway on March 26th, or seven days after the date of shipment. Witnesses were called upon the trial on behalf of defendant, who testified to the attempted delivery of a box to Hayman at 118 East Eleventh street, New York, but that, in consequence of failure to find consignee at that address, the box was stored in defendant's warehouse, the claim of the defense being that, notwithstanding the fact that the bill of lading read "108 E. 11th Street," the actual marking on the box was "118 E. 11th Street." The date when these witnesses claimed to have seen the box was

March 23d, or four days later than its shipment, during all of which time it was in defendant's custody. This evidence might tend to establish that the address on box and that recited in the receipt were different at the time of shipment, but it was far from conclusive upon that point.

In Magnin v. Dinsmore, 51 N. Y. 168, the learned court says:

"It is no longer open to question in this state that, in the absence of fraud or imposition, the rights of carrier and shipper are controlled by a contract in writing delivered to the shipper by the carrier at the time of the receipt of the property for transportation."

It was error to permit proof against objection of defendant's custom. Custom or usage, general or local, may in some instances be material, but evidence of the custom or usage of a party to an action is certainly incompetent to contradict the express or implied terms of a contract. Hopper v. Sage, 112 N. Y. 530, 20 N. E. 350, 8 Am. St. Rep. 771. No proper foundation for the admission of the "Cabinet Card" testified to by defendant's "On Hand Clerk" was laid, and the exception taken to the overruling of plaintiff's objection thereto of itself establishes reversible error. Linden v. Thieriot, 96 App. Div. 256, 89 N. Y. Supp. 273.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

