Wanamaker, J.
The pivot of this case is in the particular pleadings, especially the defendant’s answer wherein he admits and avers that, “on or about said date, to-wit, September 23, 1907, he was employed by plaintiff and her husband as such 'physician and surgeon to perform a certain operation upon plaintiff; that afterward, on or about the 30th day of September, 1907, plaintiff was removed to a hospital in the city of Cleveland, for the purpose of performing said operation, and that thereafter, on or about the 1st day of October, 1907, said operation was by him performed; that in the performance of said operation it zvas necessary that certain gauze or cheese-cloth sponges be *406 used; that said sponges consisted of several layers of gauze or cheese-cloth; that for a time after the performance of said operation he continued to treat plaintiff.”
The plaintiff charges that defendant was employed as a physician and surgeon. His answer admits it. The plaintiff charges that pursuant to such contract of employment he undertook to perform the operation. The defendant admits it. The plaintiff charges that he caused her to be removed to a hospital for the purpose of performing said operation, and the answer admits it. The plaintiff charges that in connection with such operation and as a part thereof he used certain sponges and the defendant answers in the following language: “In the performance of said operation it was necessary that certain gauze or cheese-cloth sponges be used.”
Obviously, if he was to perform the operation and “in the performance of that operation it was necessary that certain gauze or cheese-cloth sponges be used,” the use of the sponge becomes a part of the operation as much as the use of knife or needle would become a part of this operation, and if the use of the sponge be a part of the operation, it must follow as a corollary that the .removal of the sponge at the end of its use becomes also a part of that operation.
By way of further illustration and argument, suppose that in the operation- a large number of instruments was used, and, in addition to keeping tab on the number of sponges, the head nurse or some third party had kept tab on the number of *407 instruments used and placed within the body and had made an error in the count, whereby one of the instruments was left in the body, would it be seriously contended that this was not a part of the operation and that the surgeon was not liable but that the nurse alone was liable?
We are not without authority to sustain this contention. It is said in Akridge v. Noble, 114 Ga., 949, 41 S. E. Rep., 78: “It seems to us that the operation begins when the opening is made into the body and ends when this opening has been closed in a proper way after all appliances necessary to the successful operation have been removed from the body. From the time the surgeon opens with his knife the body of his patient until he closes in a proper way the wound thus made, the law imposes upon him the duty of exercising not only due care but due skill as well. During the entire time he must not only know what to do, but he must do it in a careful and skillful manner. * * * We do not suppose that anyone would contend for a moment that a surgeon would be authorized to leave this part of the work, even if not a part of the operation or necessarily incident thereto, to anyone who was not skilled in the science of surgery. * * * The removal of the sponges is a part of the operation; it is a part which requires the exercise of skill.”
In Gillette v. Tucker, 67 Ohio St., 106, Judge Price uses this language: “The facts in the case at bar show a continuous obligation upon the plaintiff in error, so long as the relation or employment continued, and each day’s failure to *408 remove the sponge was a fresh breach of the contract implied by law. The removal of the sponge was a part of the operation, and in this respect the surgeon left the operation uncompleted.” While Judge Davis renders a dissenting opinion, it nowhere contradicts the doctrine in the last sentence.
The defendant, therefore, having admitted the contract to perform the operation and the use of the sponges as necessary thereto, has assumed the full measure of professional responsibility, which is the average care and skill of the profession at the time and in the place of the operation, which must include everything connected with the operation, the use of foreign substances and also the removal of those foreign substances when the operation is finished.
The • defendant undertook to excuse himself from that full measure of care and skill personally, by claiming through his counsel that in the performance of such operation it was necessary in careful and skilled surgery to secure the assistance of certain nurses, internes and associate surgeons in and about the hospital, and that included among these was one Miss Kelly, the head nurse, to whom he entrusted the duty of counting the sponges before putting them in the body and upon removing them from the body, and that he relied upon the accuracy of her count, and that if there was any error in her count, he, the surgeon was not responsible.
This is a hybrid sort of confession and avoidance, first confessing that he contracted to perform *409 the operation and that in connection therewith and as a part thereof it was necessary to use sponges, etc., and then, for the purpose of avoiding his full measure of professional and legal liability, contending that if there, was any negligence in failing to remove any sponge such failure was the negligence of the nurse who did the counting, the adding and the subtracting of the sponges.
But no such issue is raised by the pleadings. The defendant cannot in his answer admit the employment to perform the operation and admit that in the performance of said operation it was necessary that certain gauze or cheese-cloth sponges be used, and then thereafter undertake to say that that particular part of the operation involving the use of those sponges was in somebody else’s hands or head, for whose negligence, if any, he, the operating surgeon, could not be held responsible.
It is an old elementary rule of pleading that the issues in each case are limited to those presented in the pleadings and that thereafter the evidence must be confined to the issues so raised; and the court’s charge likewise' must be confined to the issues so raised.
We need not discuss the great danger to the cause of justice that would follow from trying a case upon some other issues than those presented in the pleadings, especially in view of the fact that the courts allow amendments “upon application” at almost any stage of the proceedings, so that a party cannot be taken by surprise or suffer from mere inadvertence.
*410 In this case there was no issue of agency whatsoever. The defendant must stand upon his contract of employment, and his negligence must be determined accordingly. If he is responsible for the proper use of the sponge, about which there can be no doubt under the pleadings and the inferences and deductions which must follow from them, he is likewise responsible for the proper removal of the' sponge. The one must follow the other in logical sequence and legal liability.
If one is pleading a defense to a contract set forth in the petition, he may, first, deny the contract, or, second, he may admit it and say its terms have been fully kept on his part; but if he admits the contract and avers that he has fully performed, he cannot thereafter claim that he secured a waiver of certain parts of it. In order that the waiver can avail him, he must plead it. Third, in order that he may stand upon a supplementary contract, he must plead it. Fourth, if he is relying upon a professional custom or usage obtaining among good surgeons at the time and in the place where the operation is performed, which would avoid the liability charged, he must specially plead that particular usage or custom, and his pleadings in general must be harmonious and consistent; that is, the particular custom or usage must not conflict with or contradict the remainder of the defendant’s pleading.
The rule is well settled by great weight of authority that evidence of any particular custom or usage in any special line of business is not admissible unless such usage or custom be specially *411 pleaded. Gladstein v. Levine, 97 N. E. Rep., 184; Smith v. Stewart, 29 Okla., 26; Paine et al. v. Smith et al., 33 Minn., 495; Pittsburg Steel Co. v. Streety, 61 Fla., 393; Patton v. Tex. & P. Ry. Co., 137 S. W. Rep., 721; Consolidated Coal Co. v. Jones & Adams Co., 120 Ill. App., 139; Windland v. Deeds, 44 Ia., 98; McCurdy v. Alaska & Chicago Commercial Co., 102 Ill. App., 120; Oriental Lumber Co. v. Blades Lumber Co., 103 Va., 730; First Natl. Bank v. Farmers’ & Merchants’ Bank, 56 Neb., 149.
Evidence of such custom tending to vary and contradict the terms of the contract of employment is not admissible in the present state of the pleadings. Torpey v. Murray, 93 Minn., 482; Albany & Northern Ry. Co. v. Merchants’ & Farmers’ Bank, 137 Ga., 391; Western & Atl. Rd. Co. v. Ohio Valley Banking & Trust Co., 107 Ga., 512; Delaware & Hudson Canal Co. v. Mitchell, 113 Ill. App., 429; Cappell v. Weir, 45 Misc. Rep., 419; Menage v. Rosenthal, 175 Mass., 358.
We believe that the circuit court erred on the question of agency; that that issue was not in any form in this case under the pleadings; that in order to make such evidence available and to excuse the surgeon from any negligence on the part of the head nurse or any of his assistants, it was necessary to specially plead such usage or custom then generally in use at the time and place of the operation.
Therefore, there was no error in the failure to give defendant’s numerous requests to charge and especially those dealing with matters of agency.
*412 As to the other errors complained of before the circuit court, we believe that court was right in its conclusions.
The record unmistakably presented the ghastly fact that a large gauze sponge, fourteen inches square, was left in the abdomen just under the abdominal wall for more than six months after the operation. Whether this fact was due to the negligence of the surgeon, whether it caused the plaintiff any of the great pain and suffering, physical and mental, set forth in the pleadings, what the amount, if any, was her damages, were all properly questions for the jury and the courts below. With these we have nothing to do. Accordingly the judgment of the circuit court is reversed and the judgment of the common pleas affirmed.

Judgment accordingly.

Johnson, Donahue, Newman and Wilkin, JJ., concur.