## EDWARDS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 1775.

Circuit Court of Appeals, Tenth Circuit.

March 17, 1939.

---

Wm. R. Baker, of Kansas City, Kan., for petitioner.

Oliver W. Hammonds, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals involving income taxes of J. Renz Edwards for the year 1933.

For a number of years prior to January 18, 1929, petitioner and his father, F. S. Edwards, were the equal owners of and carried on a tobacco business at Kansas City, Kansas, under the name of F. S. Edwards Tobacco Company.

On January 18, 1929, they entered into a written contract, the material provisions of which are set out in Note 1.

The contract was signed by the petitioner and his father, and by their respective wives, and duly recorded.

F. S. Edwards died February 25, 1932, and was survived by his widow, Helen Edwards, to whom he bequeathed all his property. He left no issue other than petitioner.

Petitioner continued to conduct the business as sole proprietor after his father's death, and made monthly payments of $400 to his mother out of the net proceeds thereof until July, 1933, when because of a decrease in earnings the payments were reduced to $300 a month. The aggregate payments made in 1933 amounted to $4200.

On June 28, 1933, petitioner and his mother mutually agreed that the future payments should be reduced to $300 per month.

In his income tax return for the year 1933 petitioner included as income the $4200 paid to his mother during that year. On April 30, 1935, he filed an amended return for 1933, in which he deducted that amount and asserted a claim for refund of the tax paid thereon.

The Commissioner disallowed the deduction claimed in the amended return and found a deficiency in tax of $31.20 due to the failure of the petitioner to include in his income tax return certain dividends received but not reported for the year 1933. A petition for a redetermination was filed with the Board of Tax Appeals. The Board held that the contract of January 18, 1929, between the petitioner and his father created a valid joint tenancy with survivorship in the partnership assets; that after the death of the father, petitioner became the sole owner of the property by right of survivorship; and that by such contract of joint tenancy, the payments made to the mother were payments made on the purchase price of the deceased father's interest in the business and constituted income to the petitioner.

Petitioner contends that provision of the contract respecting the payments did not impose a personal obligation on him; that in making such payments he was a mere conduit for the transmission thereof, or at most, a trustee of those amounts derived from the net proceeds of the business. The Commissioner asserts that such payments are a part of the consideration for which the property was acquired and are capital payments not deductible from income.

---

1 "2. That from this date henceforward we are the lawful owners of and hold the title to all of the property of every nature whatsoever which said copartnership now owns or which it may hereafter acquire, as joint tenants, and each of us hereby mutually agrees that upon the death of either of us, the survivor of us shall be and is hereby declared to be the owner as joint tenants of all of said copartnership property. It being our expressed intention that all of said copartnership property be and the same is hereby owned and held by us, or by the survivor as joint tenants.

"3. That as a further part of the consideration of this agreement, it is hereby expressly mutually understood and agreed between us, that upon the death of either of us, the survivor shall and hereby agrees to pay first to the widow of such deceased partner the sum of six hundred dollars ($600.00) per month out of the net proceeds of such business, so long as she survives and does not remarry, but upon her death or remarriage such payment to be made to the issue of such deceased partner, said payment to commence thirty days after the death of such deceased partner, provided, however, any time such business shall cease to be conducted by the surviving partner, said payment of $600.00 shall cease."

 

Although the doctrine of survivorship as applied to joint tenancies by operation of law has been abolished by statute in Kansas (G.S.Kan.1935, § 22-132), the statute does not operate to prevent parties from creating the right of survivorship by contract. Withers v. Barnes, 95 Kan. 798, 149 P. 691, Ann.Cas.1917B, 55; Malone v. Sullivan, 136 Kan. 193, 14 P.2d 647, 649, 650, 651, 85 A.L.R. 275. Here, the contract created a right of survivorship in the partnership assets.

The contract specifically provides that as a part of the consideration therefor the survivor "agrees to pay first to the widow of such deceased partner the sum of six hundred dollars per month out of the net proceeds of such business, so long as she survives and does not remarry, but upon her death or remarriage such payment to be made to the issue of such deceased person." This provision in the contract places a burden upon the survivor for the benefit of a third party as a consideration for the deceased partner's interest in the business. Contracts for the benefit of a third party are valid and enforceable in Kansas. Strong v. Marcy, 33 Kan. 109, 5 P. 366, 367; Alliance Mut. Life Assurance Society v. Welch, 26 Kan. 632, 641; Floyd v. Ort, 20 Kan. 162, 164; Center v. McQuesten, 18 Kan. 476, 480; Anthony v. Herman, 14 Kan. 494, reprint pages 377, 379.

The parties to the contract did not attempt to carve out or reserve for the mother any part of the partnership assets, or any proportionate part of the income to be produced therefrom. The payments in a specific amount were to be made out of net profits; they bore no relation to the deceased partner's share in the partnership or in the profits to be derived therefrom. Obviously, petitioner's father could not reserve income from the net profits of the business over and above his equal share thereof. So to do would reserve not his own, but take that of his partner. Here, the payments might or might not exceed that share, dependent upon the amount of net profits realized. The payments were clearly a consideration for the right of survivorship and were to become due and payable upon the happening of a contingency, namely, the realization of net profits. When the contingency upon which the payments were conditioned arose, the duty to make them became the personal obligation of the petitioner. Upon the death of petitioner's father, he became the sole owner of the partnership, and all of the income therefrom was his income and subject to a tax, and the payments made to his mother were capital expenditures, or payments made for the right of survivorship and, therefore, were not deductible as an ordinary business expense. See Scott v. Commissioner, 7 Cir., 29 F.2d 472; Hill v. Commissioner, 1 Cir., 38 F.2d 165, 168; Commissioner v. Smiley, 2 Cir., 86 F.2d 658; Bull v. United States, 295 U.S. 247, 254, 55 S.Ct. 695, 79 L.Ed. 1421.

The decision of the Board is affirmed.