## ROTAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6116.

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1932.

See, also, 43 F.(2d) 232.

Selden Leavell, of Houston, Tex., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Wm. Cutler Thompson, and Whitney North Seymour, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and James K. Polk, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

In this case the following facts appear without dispute: Hugo V. Neuhaus had been conducting a brokerage business at Houston, Tex., for a number of years, under the firm name of Neuhaus & Co. By written agreements, the petitioner, George V. Rotan, became a partner in the firm for five years, from January 1, 1920. In addition to the capital invested, Rotan paid Neuhaus individually $37,500 for a five-fourteenth interest in the good will of the business. The agreements provided that, in the event of Rotan's death or incapacity before the expiration of the partnership, a proportionate amount of the money paid for good will would be returned to him or his estate. No provision was made to return anything paid for good will at the expiration of the part-

nership by limitation or its dissolution otherwise. In making his returns for income taxes for the year 1922, Rotan sought to deduct one-fifth of the amount paid for good will as an expense of doing business, on the theory that there was no salable good will of the business, and therefore the amount paid to Neuhaus was in fact a bonus for the privilege of sharing in the profits of the business. The Commissioner ruled against this contention, and disallowed the deduction. On appeal to the Board of Tax Appeals, the Commissioner was affirmed. 17 B. T. A. 1192.

We need not further review the facts nor discuss the law. The same ruling was made by the Commissioner in respect of other years, and the identical question was presented to the District Court for the Southern District of Texas and there decided adversely to petitioner's contentions. The facts and the law are exhaustively reviewed in the opinion of the District Court. 43 F.(2d) 232. We refer to that decision with approval.

We concur in the rulings of the Board. The petition is denied.