### WATSON v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 5591.

Circuit Court of Appeals, Seventh Circuit.

March 3, 1936.

Rehearing Denied April 7, 1936.

Herbert Pope and Benjamin M. Price, both of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from a decision of the United States Board of Tax Appeals approving the assessment of an additional income tax against petitioner for the year 1930. The Board refused to accept petitioner's contention that he was entitled to deduct from his gross income $57,000, part of the sum which he paid to a partnership firm when he became a member thereof. The facts were stipulated.

On September 1, 1930, petitioner bought a 5 per cent. interest in an existing and established commission brokerage firm, and agreed to pay therefor $120,000. Accordingly, on August 29, 1930, petitioner delivered to the partnership his check, drawn to the order of the firm, for said sum, and this amount was credited to his account upon the books of the firm. Of this, $60,000 was transferred to the capital account of the firm, which, in turn, delivered it to the partner who had transferred to petitioner the 5 per cent. interest in the partnership, to reimburse him therefor. The other $60,000 was credited to the personal accounts of the partners in accordance with their respective partnership interests, including $3,000 to petitioner. No part of this latter $60,000 was charged to the capital account, and no part thereof, other than $3,000, was repaid, or agreed to be repaid, to petitioner. In his income tax return for 1930, petitioner claimed the right to deduct this $60,000, less the $3000 credited to him, from his gross income as an ordinary and necessary expense of business. This deduction was disallowed upon the ground that the payment was in fact a capital expenditure and not a deductible expense.

The pertinent part of section 23 of the Revenue Act of 1928, c. 852, 45 Stat. 791 (26 U.S.C.A. § 23 and note), is as follows:

"Sec. 23. *Deductions from Gross Income.*—In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * * and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

Rotan v. Commissioner of Internal Revenue, 56 F.(2d) 153 (C.C.A.5th) District Court opinion reported in Rotan v. United States, 43 F.(2d) 232, is similar to the present case. There Rotan was admitted to partnership in a previously existing firm, upon investing certain capital and, in addition, paying a sum of money to a former

member of the firm for an interest in the good will of the business. The agreement provided that, in the event of Rotan's death or incapacity, before the expiration of the partnership, a proportionate amount of the money paid for good will would be returned to him or his estate; but there was no provision to return anything paid for good will at the expiration of the partnership by limitation fixed in the agreement or other dissolution. The Commissioner disallowed a deduction of the amount paid for good will as an expense of doing business, and the court sustained his action.

Petitioner contends that that case differs materially from the one here, in that the sum there paid was stated expressly to have been paid for good will; that, inasmuch as the purchaser had an opportunity to get back such part of the cost or more, if he should dispose of his interest in the partnership, there was no basis for deduction of the item. Here, the agreement provided that no partner should have any interest in good will and that no value for accounting or other purpose should be placed upon the same. The agreement, however, recognized the existence of good will and provided that it should "remain with and in the surviving or remaining partners." The contract recited a capital of $1,260,000, though in fact, due to the distribution of $60,000 to the partners, as aforesaid, the capital actually remained at $1,200,000. Such capital, however, did not include the various exchange and market memberships, costing over $600,000, held by various members of the firm, the use of which, for a stipulated consideration, was granted to the partnership. Nor did the capital include the office leases or furniture. In short, the right of the firm to enjoy the intangibles belonging thereto was a property right not included in the stated capital investment.

For his 5 per cent. interest in the copartnership, for the privilege of sharing in the profits of the firm and enjoying the use of the intangibles thereof, in addition to the stated capital, petitioner was willing to, and did, invest $120,000. The payment of such consideration was a condition precedent to his procurement of a property right in everything belonging to or enjoyed by the copartnership. The fact that one-half of the purchase price was upon its receipt by the copartnership, distributed to all the partners, including petitioner, in effect, at least, a division of profit, does not alter the situation. Had the entire $120,000 been distributed to the members of the copartnership, including petitioner, in accordance with their respective holdings, the result would have been the same. His property rights were acquired and his interests fixed when he delivered the $120,000. What the firm thereafter did with any part of that sum seems to us wholly immaterial, so far as the present controversy is concerned.

We agree that the sum sought to be deducted was part purchase price of an interest in the firm, and therefore a capital investment, and that, "when the accounts are cast up on the date of dissolution, it will be time enough to take account of the expenditure now sought to be deducted."

The decision of the Board is affirmed.