CHARLES F. COATES, PETITIONER, ET AL.[1], *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8601, 8602, 8616, 8617, 8631, 8632.

Promulgated June 13, 1946.

*Jacob Rabkin, Esq., J. Harold Williams, Esq.,* and *Mark H. Johnson, Esq.,* for the petitioners.

*Arnold R. Cutler, Esq.,* and *Charles P. Reilly, Esq.,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith : Albert Dixon, Jr. ; James W. Hickey and Grace M. Hickey ; Estate of Percy Rothwell (Deceased), Phoenix State Bank and Trust Company of Hartford, Connecticut, and Ellen P. Rothwell, Executors ; Estate of Frank E. Soule, Phoenix State Bank and Trust Company and Frank W. Adams, Co-Executors.

OPINION.

Kern, *Judge*: The only question before us is whether the income of the partnership which is payable to the estates of deceased partners pursuant to the terms of the partnership agreement is taxable to the individual surviving partners.

Section 182 of the Internal Revenue Code provides that:

In computing the net income of each partner, he shall include, whether or not distribution is made to him * * *

(c) His distributive share of the ordinary net income * * * of the partnership * * *.

Respondent has included the shares of the partnership income payable to the estates of the deceased partners in the taxable income of the surviving partners, arguing that the estates were not partners and were not, therefore, entitled to participate in the partnership earnings; that the surviving partners earned the income by their personal service and are therefore taxable on it; and that the payments of income after the death of the deceased partners constituted consideration for the purchase by the survivors of the decedents' shares in the partnership.

Petitioners argue that the estates were partners by the very terms of the partnership agreement and were entitled to participate directly in the earnings to the extent provided therein; that, although the services of the survivors produced the income, they were never at any time entitled to receive and retain it, since by the terms of the preexisting contract the estates became entitled to their share of it immediately upon its receipt; and, finally, that there was here no purchase and sale arrangement and none was intended, since the decedents had contributed no capital to the firm and in the contract under which the partners provided for the ultimate disposition of their partnership interests they recognized no valuable rights in the office equipment, which constituted the only physical asset of the partnership, or in any intangible assets.

It should be pointed out that none of the partners made a contribution to the capital of the partnership. The so-called capital account of each of the deceased partners consisted of his earnings undrawn to the date of death, plus his proportionate share of the value of the work then in progress. The amount of the payments to be made to the estates of deceased partners on account thereof, and the method of payment, were fixed by the partnership agreement. There is no dispute here as to the taxability of these payments of the so-called capital accounts. The dispute concerns only the taxability of the payments made to the estates of the deceased partners from the income earned during the five years after their deaths.

If this income constituted the distributive share of the net income of the partnership belonging to the surviving partners and paid by them to the estates of the deceased partners as consideration for the acquisition of that part of the assets of partnership owned by the deceased partners at the time of their deaths, then the whole of the net partnership income is taxable to the surviving partners. If, on the other hand, the income in question is owned when earned by the surviving partners and the estates of the deceased partners in the proportions set out in the partnership agreement, it is taxable to all of them in those proportions.

Much has been said by the parties on brief about the exact status which the estates occupied in the partnership after the death of their respective decedents—whether they were or were not partners, either general or limited, under state law or the definition of the Internal Revenue Code. The discussion seems to us to be inconclusive of the question before us. That question is whether, under the contract involved, they are entitled to receive the income of the partnership apportioned to them, not as the proceeds of a sale or liquidation, but as income, so as to be taxable on it. If they are so entitled to the income, it does not matter whether in law they are general or limited partners. It is sufficient that they have the contractual right *quoad* the surviving partners to share in the partnership income as if they were partners.

Partnership agreements of the same general class as the one now before us are not unusual, and their tax effects have been considered in a number of cases, always in the light of the particular agreement involved.

Perhaps the leading case in the field is *Bull* v. *United States*, 295 U. S. 247, in which there was a partnership agreement which provided that in the event a partner died the survivors should continue the business for one year thereafter and his estate should "receive the same interests, or participate in the losses to the same extent" as the deceased partner would, if living. The enterprise required no capital, and none was contributed by the partners. The Court held the pay-

ments of partnership income earned after the death of the deceased partner were income to the estate. On the question whether the payments of income earned after the death of the partner were consideration for the purchase by the survivors of the decedent's interest in the partnership, the Court said:

* * * Where the effect of the contract is that the deceased partner's estate shall leave his interest in the business and the surviving partners shall acquire it by payments to the estate, the transaction is a sale, and payments made to the estate are for the account of the survivors. It results that the surviving partners are taxable upon firm profits and the estate is not. Here, however, the survivors have purchased nothing belonging to the decedent, who had made no investment in the business and owned no tangible property connected with it. The portion of the profits paid his estate was therefore income and not corpus; and this is so whether we consider the executor a member of the old firm for the remainder of the year, or hold that the estate became a partner in a new association formed upon the decedent's demise.

* * * * * * *

Since the firm was a personal service concern and no tangible property was involved in its transactions, if it had not been for the terms of the agreement, no accounting would have ever been made upon Bull's death for anything other than his share of profits accrued to the date of his death * * * and this would have been the only amount to be included in his estate in connection with his membership in the firm. * * *

In *Gussie K. Barth*, 35 B. T. A. 546, the petitioner was the widow of a lawyer who had been a member of a law partnership prior to his death, under a partnership agreement which provided that the partnership should not be immediately dissolved upon the death of a partner, but his interest therein should be determined by payment to his widow or estate over a period of three years of certain stipulated percentages of the profits to which the deceased partner would have been entitled if he were living. It also provided for continued individual ownership of capital assets. The surviving partner continued the practice of law, under the old firm name, and made the payments provided for in the agreement. Taxpayer reported these amounts as income and later claimed overpayment on the ground that the payments were capital items, received by her as consideration for the sale of her husband's interest in the firm pursuant to his contract with his surviving partner. We held the amounts received by the taxpayer did not represent capital payments, but that they were properly treated as income. There was, in that case, no attempt to hold the surviving partner liable for tax on the entire partnership income. The more recent case of *Richard P. Hallowell, 2nd*, 39 B. T. A. 50, involved a partnership engaged in marketing wool. Capital was essential to the business, and each partner made substantial contributions.

The partnership agreement provided that in the event of the death of a partner the partnership should terminate after six months, or

earlier by notice of a majority of survivors, but that all of the survivors might elect to continue the partnership as to themselves until the end of the period prescribed for the life of the partnership in the articles, or until the interest of the deceased partner terminated, whichever was longer. It was provided that during the continued existence of the partnership the estate of the deceased partner should continue to have the same interest in the profits and be responsible for the same share of losses as the deceased partner would have had or borne, had he lived, but that the estate should have no voice in the management of the business. The agreement further provided for the method of determination and settlement of the capital interests of the partners. The controversy involved the Commissioner's treatment of all partnership profits after the partner's death as income of the surviving partners. We felt it was unnecessary to decide whether the estate was or was not a partner during the period in question, since, in any event, it was clear that the estate had a direct right, by virtue of the partnership agreements, to a share of the partnership income, as such.

The facts before us are not decisively different from those involved in the cited cases. In each case it was felt that whether there was a sale or not depended largely on the intention of the parties, as expressed in the particular contract involved.

The agreement in the instant case provided for the use of undrawn earnings of the partners as the capital of the firm, each partner to be credited on the books with the amount left by him in the business. This is the only "capital" account the members of the firm had. The office equipment was fully depreciated, the library consisted largely of material renewed each year, and the leases were for short terms. All of these assets were of only nominal value and were not even considered by the partners in the negotiations leading to the execution of the partnership agreement. This agreement provided further for liquidation of the "capital" account by payment to the estate of a deceased partner after his death of this "capital" interest in the firm, computed as therein authorized. These payments have been or are being made, and are not the subject of this dispute. It was not the intention of the parties that any interest of a deceased partner be left in the firm, and none has been or will be left in the firm after the expiration of the time allowed for the orderly liquidation of the capital accounts. Having provided for the return to the estates of any valuable capital interest the decedent had in the firm, it is difficult to find any evidence of an intention to sell that interest to the surviving members. Certainly, no language of bargain and sale is used in the agreement. Although respondent feels that the deceased partners had a valuable interest in the good will and partnership name, it is apparent from the entire record that the parties to the agreement

placed no value upon these items. Ordinarily no value, or nominal value, will be given to good will attaching to a personal service partnership such as one composed of physicians, attorneys, or accountants. See 38 C. J. S., p. 952; Rowley, Modern Law of Partnership, sec. 331. See also *D. K. MacDonald*, 3 T. C. 720. There is no evidence in the instant case which would justify a conclusion that the parties to the partnership agreement involved herein intended to make a sale of good will, upon dissolution of the partnership by death, in return for payments to the deceased partner's estate out of income earned after his death. Since the instrument in question does not purport to make a sale of good will upon liquidation, and since, according to general standards of value, the good will of this particular partnership would not be sufficiently valuable to be the subject matter of, or consideration for, a sale, we do not feel justified in assuming or reading into the agreement language from which we could spell out an intention to make a sale upon dissolution.

In addition to the provisions for the return of the "capital interests" to the estates are the provisions with which we are here concerned for participation by the estate of a deceased partner in the earnings of the partnership for five years after the partner's death. These payments have no relation to the other type of payments provided for the liquidation of the capital account. They provide simply that the estate of any deceased partner shall participate to the extent there provided in the net earnings of the partnership for a period of five years. The evidence establishes that this provision was intended by the parties not to be the consideration paid by the surviving partners for the capital interest of a deceased partner upon the dissolution and liquidation of the partnership, but was intended to be a present consideration given by each partner upon the formation of the partnership. It was intended to be in the nature of a mutual insurance plan, the disadvantage of which each partner was willing to accept in consideration of a similar commitment for his benefit on the part of all other partners, and, in part, as further compensation for the past services of the deceased partner payable after his death.

These payments were not made in liquidation of any capital interest of the deceased partner in the firm's assets. The only payments of this nature required upon the death of a partner were the payments on account of past earnings and work in process, here designated as the "capital account." In addition to these payments, the estate of a deceased partner was entitled to the payment of a share of post death earnings, not in consideration of a sale of partnership assets on liquidation, but in consideration of mutual promises contained in the original partnership agreement having no relationship to such a sale. These payments arose out of and depended upon the contract and their character must be determined by its terms. The estate acquired,

upon the death of the partner, a vested contractual right to a share of the earnings, as earnings, and this right was fortified by a power lodged in the trustee to require a liquidation of the business if its rights were not fully respected by the surviving partners. When and as the income was earned, it became immediately subject to the preexisting rights of the estates to their share of it. The amounts so distributable to the estates were not distributable to any surviving partner, with the result that here, as in *Richard P. Hallowell, 2nd, supra,* the disputed amount attributed by the respondent to each surviving partner may not be regarded as "his distributive share, whether distributed or not, of the net income of the partnership."

The case upon which respondent chiefly relies and which has been decided since *Bull* v. *United States, supra,* is *Estate of George R. Nutter,* 46 B. T. A. 35; affirmed *sub nom. McClennen* v. *Commissioner,* 131 Fed. (2d) 165. Its facts are clearly distinguishable. In that case there was an "investment of capital in, and tangible property owned by, the partnership"; there was a clear recognition that each partner had a valuable capital interest in the partnership assets; and the effect and intent of the contract was clearly to make a sale of such an interest to the surviving partners. It is precisely because there is no such intent to make a sale of a capital asset in the instant case that we are impelled to a contrary conclusion.

We are of the opinion that the respondent erred in including in the income of the surviving partners those portions of the income distributable under the terms of the partnership agreement to the estates of the deceased partners.

*Decision will be entered for the petitioners.*