OPINION. OppeR, Judge: Although the central issue is not without difficulty, what the parties here arranged seems to us more nearly the equivalent of a trust than any other ascertainable relationship. Petitioner’s mother-in-law, it is true, purported to assign her entire partnership interest. But by the same instrument and as part of the same transaction she was to receive a 5 per cent interest in the profits for her life. As we said in Everett D. Graff, 40 B. T. A. 920, 923, 924; affd. (C. C. A., 7th Cir.), 117 Fed. (2d) 247; * * * Prior to the transfer the grantor’s legal and beneficial right to receive income from the property was absolute. By the trust he parted with that interest to some extent. * * * * *.*❖#** In other words * * * [the transferor] failed to dispose of the beneficial interest * * * which he possessed prior to the declaration of trust, “the remainder being retained by the grantor” * * * Even more comparable to the present situation is Frank B. Malloy, 5 T. C. 1112,1116, where we said: * * * If the testator chose to give his son something less than all his interest in the business and to give his wife a part of it, that was his privilege. In effect, that is what he did. * * * In substance, the bequest was a portion of the net income from that particular property, which, in equity, would ordinarily be treated as giving her an interest — a sort of life estate — in the property itself • * If anything, the present case seems a stronger one, since the interest of petitioner’s mother-in-law was retained by her out of a larger share which it is undisputed she had previously possessed. While the mother-in-law did not in so many words appoint her son as trustee, she created an arrangement which we are not able to distinguish from that in Sallie Cosby Wright, 38 B. T. A. 746, 753, where we regarded the “Van Aken case [Annie Louise Van Aken, 35 B. T. A. 151] as deciding that in such a case as this the relationship between the parties is to be viewed as a whole and, since there that relationship appeared to be essentially of a fiduciary nature, income received by the beneficiary was taxable to her.” See also Flarsheim, v. United States (C. C. A., 8th Cir.), 156 Fed. (2d) 105; Shelldbarger v. Commissioner (C. C. A., 7th Cir.), 38 Fed. (2d) 566; Bettendorf v. Commissioner (C. C. A., 8th Cir.), 49 Fed. (2d) 173. The only case on the question cited by respondent, Robert Hoe Estate, 32 B. T. A. 903; affd. (C. C. A., 2d Cir.), 85 Fed. (2d) 4, is distinguishable here for the same reasons as those set forth in the Wright case. Our determination that the mother-in-law in effect retained her beneficial interest in the 5 per cent of the business profits, and did not transfer that when she sold her remaining rights in the firm, stems not only from the provisions appearing throughout the agreement that the son was to be accountable to her, but also from the form of the consideration. Certain of the payments which are not in controversy were clearly of a capital nature, payable in consideration for the 20 per cent interest which was assigned outright. As to them, the conclusion of nondeductibility on the theory that they represented the payment for a capital asset is reasonable, Newark Milk & Cream Co. v. Commissioner (C. C. A., 3d Cir.), 34 Fed. (2d) 854; see James M. Straub, 13 T. C. 288, 290, and apparently accepted by both parties. The fact that they were payable at all events and irrespective of profits serves both as confirmation of their character as capital payments for the 20 per cent interest transferred and as a distinction from the treatment of the 5 per cent interest which in our view the mother sought to and did retain. Charles F. Coates, 7 T. C. 125, is apt in this respect. We said (pp. 134, 135) : * * * These payments arose out of and depended upon the contract and their character must be determined by its terms. The estate acquired, upon the death of the partner, a vested contractual right to the share of the earnings, as earnings, and this right was fortified by a power lodged in the trustee to require a liquidation of the business if its rights were not fully respected by the surviving partners. When and as the income was earned, it became immediately subject to the preexisting rights of the estates to their share of it. The amounts so distributable to the estates were not distributable to any surviving partner, with the result that here, as in Bichard P. Ballowell, 2d, supra [39 B. T. A. 50] the disputed amount attributed by the respondent to each surviving partner may not be regarded as “his distributive share, whether distributed or not, of the net income of the partnership.” The contention of the mother that she disposed of her entire interest in the profits of the business is understandable as an effort to diminish her own taxes, but to the extent, if any, that her escape from taxation would account for respondent’s position here we regard it as without weight.[1] Her liability to tax would seem sufficiently clear under the doctrine of the Wright and Van Aken decisions, supra, so that, although we are not here required to, and do not, decide the question, it furnishes no support for the theory that the income would escape taxation altogether if respondent’s effort fails here. Regarding the situation as a whole, and treating it, in accordance with respondent’s suggestion, as a controversy arising “out of the interpretation of an agreement” which “is vital to this case,” we conclude that the agreement of the parties was such as to provide for a continuing beneficial interest in the mother to the extent of the disputed share in the profits and to eliminate from the taxable income of petitioner a corresponding amount. On this disposition of the proceeding it is unnecessary to consider whether in the alternative, as petitioner also contends, the mother remained in essence a limited partner whose share of the profits was not taxable to the other members of the partnership. Cf. Theodore F. Wilson, 13 T. C. 409. To dispose of uncontested items, Decision will be entered wider Bule 50. Reviewed by the Court. ReRN, Murdock, and DisNet, JJ., dissent. The evidence shows that respondent has in fact determined a deficiency against the mother for 1944.