ESTATE OF BOYD C. TAYLOR, DECEASED, FRANK F. FERRIS, II, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30236. Promulgated October 8, 1951.

*Frank F. Ferris, II, Esq.*, for the petitioner.
*Lyman G. Friedman, Esq.*, for the respondent.

Van Fossan, *Judge:* The sole question is whether the petitioner is entitled to a deduction for depreciation of its right to share in the income of Neare, Gibbs and Company for a period of 2831 days as an inactive partner therein.

Petitioner argues that it is a partner in the partnership by reason of the exercise of the option; that the option has a basis of $140,000 which it is entitled to depreciate over the partnership term of 2831 days; and that the annual allowance for depreciation thus computed is deductible from its net taxable income received from the partnership business.

It is the respondent's position that petitioner is not entitled to any depreciation. Nor does respondent concede the correctness of the valuation of $140,000 placed upon such option for estate tax purposes.

Petitioner cites no authority and we are entirely unimpressed with its reasoning. On the other hand, the ruling of the Supreme Court in *Bull* v. *United States*, 295 U. S. 247, stands as a barrier to the allowance. In order to sustain petitioner we would be obliged to find that this right held by petitioner constituted a capital asset which it received from the decedent. We are unable to make such a finding.

The partnership was a personal service concern requiring no capital or tangible property and to which none of the partners had contributed capital. *Bull* v. *United States, supra,* is peculiarly apposite and disposes of petitioner's contention. We hold that the right inuring to petitioner to receive decedent's share of the partnership income was not capital. Since this right does not constitute capital, petitioner is not entitled to any depreciation thereon. *Gussie K. Barth*, 35 B. T. A. 546.

Accordingly, we hold that the respondent did not err in his determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

Kern, *J.*, dissenting: Prior to the opinion in the case of *Bull* v. *United States*, 295 U. S. 247, there would have been little doubt but that the value of the option or right of decedent's estate to participate

in the earnings of the partnership for 10 years after the death of the decedent partner would have been properly included as a capital asset in the decedent's gross taxable estate, and only that part of the partnership income received by the estate would be subject to income tax which was in excess of the value of the contractual right or chose in action constituting part of the decedent's estate. See *William P. Blodget*, 13 B. T. A. 1243; *John F. Degener, Jr.*, 26 B. T. A. 185; *Grahame Wood*, 26 B. T. A. 533.

However, the *Bull* case (which is described by the First Circuit in *McClennan* v. *Commissioner*, 131 F. 2d 165, as "a peculiar case on its facts and in the way the case came up") appears to hold that if the partnership itself has no capital investment and no tangible assets, the contractual right to share in its earnings after the death of a partner can not be considered capital and can not be included at any value in the deceased partner's gross estate. It should be noted that this conclusion was not necessary to a decision of that case; that it was later referred to somewhat questioningly by the Supreme Court in *Helvering* v. *Enright's Estate*, 312 U. S. 636, footnote 9; that it was construed by the First Circuit as a conclusion to be strictly limited to its own peculiar facts (*McClennan* v. *Commissioner, supra*); and has been construed by us as not applying to situations where the partnership had any tangible assets (see *Estate of Thomas F. Remington*, 9 T. C. 99, 107, and *Charles F. Coates*, 7 T. C. 125.)

In the instant report it is found as a fact that "capital and tangible assets were not of importance to the creation and retention of partnership business." The inference is that some capital and tangible assets existed. The parties themselves have considered the *Bull* case as not applicable in that the value of the option was included in decedent's gross estate for estate tax purposes at a figure of $140,000.

I am loathe to conclude that this right which was valued at this amount for estate tax purposes did not constitute "a capital asset which it received from the decedent," and am unwilling to agree that we are forced to this conclusion by the *Bull* case.