*Decision will be entered under Rule 50.*

PETER P. RISKO AND MARGARET M. RISKO (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51993. Filed June 8, 1956.

*George J. Schaefer, Esq.*, for the petitioners.
*William F. Chapman, Esq.*, for the respondent.

OPPER, *Judge:* It is impossible to distinguish these facts from those in *Ethel Sperling*, 20 T. C. 1014. See also *Kenworthy* v. *Commissioner*, (C. A. 3) 197 F. 2d 525, affirming per curiam Memorandum Opinion of the Tax Court, filed January 25, 1952. The cases relied on by petitioner [1] are unlike this case and require rejection as authority here on the same grounds as those stated in the *Sperling* case:

In the *Aitkin* and *Mosser* cases, the remaining partners acquired no increased interests in their respective partnerships by virtue of their payments to the retiring partners. In the *Aitkin* case, the partnership was dissolved by the withdrawal agreement and the retiring partner took his clients * * * In the *Mosser* case, the retiring partner received compensation for his withdrawal and in a separate transaction his partnership interest was purchased by others not previously partners.

We must conclude here, as in *Ethel Sperling, supra,*

that the transaction under consideration was no more than the sale of Bonder's partnership interest to the remaining partners in the business * * *

If anything, the *Sperling* case was weaker for respondent than are the facts shown here. There the agreement expressly set a figure for Bonder's capital balance and referred to the additional sum of $6,500 in dispute as being "to induce the Party of the First Part to retire from the said partnership." Nevertheless, we said in the *Sperling* case:

Therefore, we hold that the entire sum of $22,500 paid to Bonder for his partnership interest, including the $6,500 in excess of his capital account * * * to be a capital expenditure.

Here Mrs. Backus assigned all her right in the partnership, warranted that she was under no legal disability to do so, and agreed to and did accept the entire sum of $7,500 in satisfaction of her claims against petitioner and "also her interest in said partnership."

Petitioners' insistence that Mrs. Backus had nothing to sell because at the end of the partnership term she was only entitled to a return of her initial investment takes no account of the 20 months that still remained before that time could arrive, and during which whatever interest she had would continue. In the *Sperling* case, the partnership was at will and the retiring partner was only entitled to his capital account, yet the additional payment was held to be a capital expense.

In coming to this conclusion we are accepting the characterization of their relationship which the parties themselves adopted. See *Maletis*

---

[1] *A. King Aitkin et al.,* 12 B. T. A. 692; *Charles F. Mosser,* 27 B. T. A. 513.

v. *United States*, (D. C., Ore.) 97 F. Supp. 562, affd. (C. A. 9) 200 F. 2d 97, certiorari denied 345 U. S. 924. It would be indeed difficult to reach any conclusion other than that a partnership existed and was intended, and petitioners themselves say in their brief:

It is our view that it is not necessary to determine whether or not the agreement of August 1, 1947, between the husband petitioner and Mary Backus * * * constituted them true partners * * * under the laws of the State of New York * * *

Petitioners' alternative claim made in their petition to depreciation over the remainder of the life of the agreement, however, requires a contrary result. All that Mrs. Backus had to sell was her interest in the partnership, its income and its assets for the 20 months that remained for the agreement to run. At the end of that time, by the terms of the arrangement, her interest in all the assets would cease except perhaps for the return of her original $500 investment.[2] Petitioner's basis for the Backus partnership interest was the amount he paid for it. Cf. *Anderson* v. *United States*, (S. D., Cal.) 131 F. Supp. 501, affd. (C. A. 9) 232 F. 2d 794, with *Nathan Blum*, 5 T. C. 702. See also *Specialty Engineering Co.*, 12 T. C. 1173. The interest purchased would terminate in a determinable period of 20 months. At that time petitioner's ownership of the partnership interest of Mrs. Backus or of her interest in the income and assets would become valueless.

If what petitioner obtained by the payment to Mrs. Backus was her interest in the partnership property, see *Nathan Blum*, *supra*, the situation seems to us comparable to the purchase by a landlord of the remaining term of an outstanding lease. See *Henry B. Miller*, 10 B. T. A. 383. Here petitioner would obtain all the partnership assets by the terms of the agreement when its term expired just as the landlord would obtain a full interest in his property at the termination of the lease. In such circumstances where the landlord proceeds to use the property so acquired, he is permitted to amortize the expenditure over the remaining term of the acquired lease. *Clara Hellman Heller Trust No. 7610*, 7 T. C. 556, reversed on other grounds sub nom. *Wells Fargo B. & U. Trust Co.* v. *Commissioner*, (C. A. 9) 163 F. 2d 521. And if what petitioner obtained was Mrs. Backus's interest in the partnership profits during the balance of the term of the agreement, this was merely a wasting asset to be recovered out of the income produced, *Eleanor S. Howell*, 24 T. C. 342, as in the case of the purchase of a life estate by the owner of the remainder. *Bell* v. *Harrison*, (C. A. 7) 212 F. 2d 253. Under either analogy or on a combination of the two, we conclude that the expenditure was recoverable over the life of the interest acquired and that depreciation as claimed should be allowed.

---

[2] Respondent makes no point of this comparatively unimportant detail.

This is not like an ordinary case where the purchaser of an interest in a partnership seeks to amortize the payment. In such a case, since the partnership would exist for an indeterminate period, possibly no anticipated life for the payment could be fixed. Cf. *Ethel Sperling*, *supra*. Petitioner here was not buying an interest in a partnership of indeterminate duration, nor was he buying the assets themselves. These would become his in any event at the termination of the agreement. All that he was buying was the interest that Mrs. Backus owned. All that she owned would completely terminate at the conclusion of the 20 months. To the extent indicated, we view the determination as erroneous.

*Decision will be entered under Rule 50.*