C. E. SILLING, SR., AND MARIAN R. SILLING, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53539. Filed January 23, 1957.

*J. B. Fisher, Esq.*, for the petitioners.
*Gene W. Reardon, Esq.*, for the respondent.

702

704

OPINION.

Rice, *Judge:* On March 10, 1951, petitioner and his partner, Tucker, agreed that they should terminate their association in the partnership "Tucker & Silling" and that Tucker should be paid the amount of $40,000, in three installment payments, for his partnership interest. This amount was determined on the basis of Tucker's estimated share of the profits to be derived from certain architectural contracts then being performed by the firm. On the returns filed by petitioner and the business for 1951, Tucker was treated as a continuing partner in the firm throughout that taxable year, and the $24,000 paid to Tucker by the business was reported as Tucker's distributive share of part-

nership profits. In our prior Memorandum Opinion in this proceeding, we held that petitioner had purchased Tucker's interest in their partnership, on March 10, 1951, for $40,000 and that the $24,000 of the firm's income which its return for 1951 attributed to Tucker was, in fact, reportable by petitioner. Petitioner then filed an amended petition which raises the issue now before us, namely, whether the purchase of Tucker's interest in the partnership resulted in petitioner's acquisition of certain "wasting assets" which he is entitled to amortize, in part, in 1951.

Petitioner bases his claim upon the theory that the purchase of Tucker's interest in the partnership as of March 10, 1951, gave him a stepped-up basis for certain of his architectural contracts and that such basis is amortizable over the life of the contracts. The general rule is that a partnership interest is a capital asset and its purchase price is not recoverable from gross income. *Autenreith* v. *Commissioner*, 115 F. 2d 856 (C. A. 3, 1940), affirming 41 B. T. A. 319 (1940); *Edwards* v. *Commissioner*, 102 F. 2d 757 (C. A. 10, 1939), affirming B. T. A. Memorandum Opinion dated April 26, 1938; *Watson* v. *Commissioner*, 82 F. 2d 345 (C. A. 7, 1936), affirming B. T. A. Memorandum Opinion dated March 30, 1935; *Hill* v. *Commissioner*, 38 F. 2d 165 (C. A. 1, 1930), affirming 14 B. T. A. 572 (1928), certiorari denied 281 U. S. 761 (1930). It is regarded as having an indefinite life and the recovery of its basis must await its ultimate disposition. See *Henry W. Healy*, 18 B. T. A. 27 (1929). But where one of two partners purchases his retiring partner's interest and thereafter continues the operation of the business, the existence of the partnership terminates and it is thereby converted into a sole proprietorship. *Nathan Blum*, 5 T. C. 702 (1945). Rev. Rul. 55-68, 1955-1 C. B. 372. The remaining partner, who becomes a sole proprietor, must be regarded as having received all the assets of the partnership upon its termination and his basis for such assets is the basis of his original partnership interest, section 113 (a) (13) of the 1939 Code,[1] plus the amount paid for the retiring partner's interest. This basis must be allocated proportionately among the various assets of the business. Consequently, even though these contracts may have had a zero basis in the hands of the partnership, petitioner is entitled to a stepped-up basis in computing the gain realized upon their completion by him as a sole proprietor. See *Murray Thompson*, 21 T. C. 448 (1954), affd. 222 F. 2d 893 (C. A. 3, 1955). There is no evidence in the record as to any

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

*  *  *  *  *  *  *  *

(13) PARTNERSHIP.—* * * If the property was distributed in kind by a partnership to any partner, the basis of such property in the hands of the partner shall be such part of the basis in his hands of his partnership interest as is properly allocable to such property.

basis which petitioner may have had as to his interest in the partnership and petitioner has not asked that we allocate any such basis to the contracts. As for the $40,000 purchase price paid Tucker for his interest, it seems clear that petitioner is entitled to amortize the basis thus acquired for the contracts in computing the profits realized on their performance. See *Peter P. Risko*, 26 T. C. 485 (1956); *Eleanor S. Howell*, 24 T. C. 342 (1955); *Raymond S. Wilkins*, 7 T. C. 519 (1946), affd. 161 F. 2d 830 (C. A. 1, 1947).

Respondent cites and relies upon *Balis* v. *United States*, 134 Ct. Cl. 848, 139 F. Supp. 930 (1956). That case is distinguishable, however, for the taxpayer therein paid a stipulated amount to his former partners for the right to take some of the firm's accounts with him upon leaving the firm. This was termed a capital expenditure and amortization denied since these accounts would presumably produce income to the taxpayer over an indefinite period of time. In the instant case, the value of the contracts was exhausted once they had been performed.

Respondent also argues that in addition to petitioner and Tucker, a certain C. L. Bowyer was a partner in the firm "Tucker & Silling" and that petitioner's purchase of Tucker's interest did not result in a termination of the partnership for tax purposes and a stepped-up basis for its principal assets, its various architectural contracts, citing *Anderson* v. *United States*, 131 F. Supp. 501 (S. D., Cal., 1955), affd. 232 F. 2d 794 (C. A. 9, 1956). However, that case is distinguishable because there the partnership continued, while here it is clear that the partnership was terminated by the purchase of the retiring partner's interest and the business was thereafter conducted as a sole proprietorship. It is true that C. L. Bowyer received a percentage of the firm's profits, both prior and subsequent to March 10, 1951, but the testimony of both petitioner and Tucker, as well as the contractual agreement entered into with Bowyer on October 1, 1945, clearly show that Bowyer was at no time considered a partner in the business. Bowyer had no authority in the management of the business, and it is noteworthy that after March 10, 1951, he was to share in its profits but not in its losses. Obviously, this was a method of determining the compensation of a key employee and the partnership returns filed by the firm are not determinative of the issue. Although the accountant who prepared these returns may have been mathematically correct in reporting the amounts disbursed to petitioner, Tucker, and Bowyer, clearly he erred in denoting each of such payments as distributive shares of partnership income. Thus, we have already held that the amounts paid to Tucker constituted petitioner's income which he used to make the installment payments due on the purchase price of Tucker's interest in the partnership. Upon the basis of the undisputed testimony of Tucker and petitioner, who were adverse parties in this

proceeding, and the written contract executed with C. L. Bowyer, we hold that Bowyer was not a partner in the firm during the year here in issue. *Commissioner* v. *Culbertson*, 337 U. S. 733 (1949); *Isadore Louis Rosenberg*, 15 T. C. 1 (1950).

*Decision will be entered under Rule 50.*