Herbert A. Nieman, et al. [1] v. Commissioner. Nieman v. Commissioner
Docket Nos. 56675, 56674, 56687.
United States Tax Court
T.C. Memo 1960-120; 1960 Tax Ct. Memo LEXIS 170; 19 T.C.M. (CCH) 634; T.C.M. (RIA) 60120; June 8, 1960
Harvey W. Peters, Esq., 1308 N. Prospect Avenue, Milwaukee, Wis., and William A. Jackson, Esq., for the petitioners. Erving Sodos, Esq., for the respondent. VAN FOSSAN Supplemental Memorandum Opinion VAN FOSSAN, Judge: On November 30, 1959, our Opinion was filed in the abovestyled proceedings. On December 21, 1959, petitioners filed a "Motion Requesting Correction of Opinion Issued November 30, 1959 * *171 * *." On February 15, 1960, respondent filed "Respondent's Objections To Petitioners' Motion For Correction Of Opinion And For Other Action," and on February 23, 1960, petitioners filed their reply to respondent's objections. These proceedings are now before us pursuant to the above-mentioned motion requesting an alleged correction of our original opinion, 33 T.C. 411, to indicate whether the partnership, Nieman Fur Farms Co., had a net operating loss for the partnership year ended November 29, 1947. The issue was raised in the petition and advanced on brief. In our initial consideration of the facts we concluded that the parties were not pressing the issue now raised on motion. We deemed it unnecessary in the premises to comment. The partnership terminated on November 29, 1947. In deciding that the petitioners sold their partnership interests and not the separate assets to Herbert A. Nieman & Co., it follows a fortiori that the partnership ceased to exist. See C. E. Silling, Sr., 27 T.C. 701; sec. 708 of the Internal Revenue Code of 1954. In the original opinion we took this position in stating: "There is nothing in the record *172 to indicate that the partnership carried on any activities following the sale." When this partnership terminated, its taxable year closed, and it was required to compute its taxable income (or loss) for the 11 months of operation. See Estate of William Goldstein, 29 T.C. 931. The partnership valued its inventories by the "cost or market" method. In computing income, it had to take into account its closing inventories. The value of these inventories was either cost or market, whichever was lower. Louis Karsch, 8 T.C. 1327, 1331. Included in the inventory of $180,159.79 as of November 29 were the following three categories of assets: Total
Unit
No. of
Book
Value
Units
Value
Old foxes
$16.21
3,159
$ 51,239.81
Pelts at New York
15.13
2,233
33,785.29
Young foxes
16.75
5,680
95,134.69
11,072
$180,159.79
The pelt item of $33,785.29 represented 2,233 pelts located at New York City. Of these pelts, 2,210 had been sold on November 13, 1947, by the New York Fur Auction Company for a net selling price of $32,990.45, or at $14.93 per pelt. The category "Young foxes" had an equivalent value per unit. Nothing *173 being shown concerning "Old foxes," we concluded that the unit price shown above was the lower of cost or market. The market price of the pelts and young foxes, shown above, having a value less than the then listed book value, the inventories as of November 29 should have been devalued to reflect the market price in the closing inventories. Sharp v. Commissioner, 224 F. 2d 920 (C.A. 6), reversing a Memorandum Opinion of this Court [12 TCM 977;]; United States Cartridge Co. v. United States, 284 U.S. 511. Respondent argues that the market price as of November 13 is not evidence of the market on November 29. Respondent having made no affirmative showing to the contrary, and in the absence of special circumstances, we are of the opinion that a sale on the 13th is so close in time and context to the 29th as to be sufficient evidence of market price on the latter date. See Regulations 111, sec. 29.22(c)-4. It is axiomatic that partners are permitted, in computing their net income, to utilize their distributive share of the net operating losses, if any, of the partnership. Secs. 189 and 23(s) of the Internal Revenue Code of 1939. We have gone *174 as far as the facts permit in deciding the issue raised on the motion. As to the computation of the partnership's net operating loss, if any, this will be considered as a necessary step in computing the taxes due under Rule 50. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Arnold F. Nieman, Docket No. 56674, and Roland J. Nieman, Docket No. 56687.↩